UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROGER CHARLES DAY, JR.,

                Plaintiff,

        v.

RICHARD A. MILLER, et al.,

                Defendants.

Case No. 2:20-cv-2978
Judge Edmund A. Sargus
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff Roger Charles Day, Jr. is an inmate at Terre Haute Federal Correctional Institution who is proceeding *pro se* against Defendants. (Doc. 1-1). This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

## I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (Doc. 1), Plaintiff's Motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's Motion reveals that he has an insufficient amount to pay the full filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at the Terre Haute Correctional Institution is **DIRECTED** to submit to the Clerk of the United States

District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to Clerk, United States District Court and should be sent to:

> Prisoner Accounts Receivable
> 258 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II.     LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

However, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III.    DISCUSSION

Plaintiff is a *pro se* inmate at Terre Haute Federal Correctional Institution.

> In late 2004 and early 2005, Day began running a business scheme involving his then-girlfriend, Susan Crotty Neufeld, and his friends, Nathan Carroll and Greg Stewart. Acting at Day's direction, Neufeld, Carroll, and Stewart would set up companies that could bid on parts-supply contracts for the Defense Logistics Agency ("DLA"), the agency within the DOD responsible for acquiring parts for the military services. Using Day's custom-designed software program, the companies would then bid en masse on low-dollar value DLA contracts. When one of the newly formed companies won a contract, Day would purchase the necessary parts and have them shipped to Neufeld or Carroll, who would in turn deliver the parts to a packaging company for shipping to the DLA to complete the contract. Day would then share a portion of the profit with the others.
>
> The arrangement between Day and his co-conspirators lasted three years, during which the various companies secured some 987 contracts worth approximately $8,670,380.78. Like all too many get-rich-quick ideas, however, this scheme was too good to be true. The trick was in the parts: rather than delivering parts that complied with the exacting military specifications called for in the various contracts, Day would purchase similar sounding—yet cheaper and nonconforming—items.

*United States v. Day*, 700 F.3d 713, 717 (4th Cir. 2012).

"Early on in the scheme, in May 2005, Day moved to Mexico, where he directed Neufeld, Carroll, and Stewart through emails, phone calls, and internet chats." *Id.* The scheme unraveled as Plaintiff's co-conspirators were arrested in 2006 and 2007. *Id.* at 718. After a year on the run

3

in Mexico, Plaintiff was arrested there in 2008 and imprisoned while awaiting extradition to the United States.  *Id.*  He was subsequently indicted in the Eastern Division of Virginia for wire fraud conspiracy, 18 U.S.C. § 1349; wire fraud, 18 U.S.C. § 1343; aggravated identity theft, 18 U.S.C. § 1028A; money laundering conspiracy, 18 U.S.C. § 1956(h); smuggling conspiracy, 18 U.S.C. §§ 371, 554; and obstruction of justice, 18 U.S.C. § 1503.  *Id.*  After extradition, he was convicted following a jury trial and sentenced to 1,260 months imprisonment.  *Id.* at 719.

Now, Plaintiff purports to bring a civil RICO class action on behalf of a class of persons who contracted with the United States Department of Defense ("DOD"), including the Defense Logistics Agency and various Defense Supply Centers, using the "DD1155 form that contained the express waiver of the contractor's signature for acceptance of 'the contract' terms and conditions and the waiver of the contractor's return of a signed DD1155 contract to the contract administrator, from 2004 to the present."  (Doc. 1-1, ¶ 3(a)).  Defendants are a number of "contracting/ordering officers" and contract administrators who allegedly worked for the DOD during that time period.  (*Id.*, ¶¶ 4–10).  They allegedly approved "illegal" contracts in violation of various federal regulations.  In doing so, Plaintiffs alleges that Defendants engaged in a civil RICO conspiracy.  (*Id.*, ¶¶ 11–29).

Plaintiff fails to state a claim upon which relief can be granted.  As a *pro se* litigant, he is not permitted to prosecute a class action.  *See Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (citations and quotations omitted) ("We have long recognized, under 28 U.S.C. § 1654, that plaintiffs in federal court may not appear pro se where interests other than their own are at stake. Indeed, we have consistently interpreted § 1654 as prohibiting pro se litigants from trying to assert the rights of others.").  And any individual civil RICO claim that Plaintiff could possibly bring is barred by the statute of limitations applicable to such claims.  Civil RICO claims have a four-year

statute of limitations.  *Agency Holding Corp. v. Malley–Duff & Assocs., Inc.*, 483 U.S. 143, 156, (1987).  Plaintiff has been incarcerated since 2008.  *Day*, 700 F.3d at 718.  Nothing in the Complaint suggests that he only learned of his alleged injury in the past four years and that he could not have discovered his injury earlier through the exercise of reasonable diligence.  (*See generally* Doc 1-1).  So his civil RICO claims are barred by the statute of limitations as a result. *See Solis v. Emery Fed. Credit Union*, No. 1:19-CV-387, — F. Supp. 3d —, 2020 WL 2319718, at *8 (S.D. Ohio May 11, 2020) (citing *Rotella v. Wood*, 528 U.S. 549, 553 (2000)) (acknowledging that that RICO's four-year statute of limitations begins to run when a party knew, or through exercise of reasonable diligence should have discovered, that the party was injured by a RICO violation).

## IV.    CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  However, having performed an initial screen and for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint as for failure to state a claim.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

5

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: July 10, 2020                          /s/Kimberly A. Jolson
                                             KIMBERLY A. JOLSON
                                             UNITED STATES MAGISTRATE JUDGE